UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHONNY GONZALES PAZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-07228-DAD-JDP (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND TO APPOINT COUNSEL AS MOOT</u><br><br>(Doc. Nos. 2, 3) |

On September 8, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody. (Doc. No. 2.) On September 10, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On September 14, 2026, respondent filed a combined opposition to the petition for writ of habeas corpus and motion for temporary restraining order. (Doc. No. 7.) In that opposition, respondent concedes that petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) but nonetheless argues that petitioner is only entitled to a custody re-determination hearing before an immigration judge pursuant to § 1226(a) and its implementing regulations. (*Id.* at 1–2.) Respondent has not stated any opposition to this court ruling on the merits of the underlying petition based upon the briefing presently before it, and the court will do so.

Based upon the parties' submissions, the court finds the following facts. On or about March 31, 2024, petitioner entered the United States at which time he was briefly detained by border patrol agents, placed into removal proceedings, and released into the United States on his own recognizance "due to lack of bed space." (Doc. No. 7-1 at 2.) On or about August 10, 2026, ICE re-detained petitioner during a traffic stop. (*Id.*) There is no indication that petitioner was provided notice or a pre-detention hearing before being re-detained by ICE.

As a preliminary matter, respondent argues, without citation to legal authority, that this case is distinguishable from the cases cited in the court's order setting a briefing schedule because, here, petitioner "was issued a Notice to Appear upon entry to the U.S., was not issued a parole, is still in removal proceedings, has not previously been ordered removed, and has not been under an order of supervision."[1] (Doc. No. 7 at 1.) Setting aside respondent's failure to provide

---

[1] As to respondent's assertions that petitioner was not "issued a parole" or enrolled in a supervision program, no evidence has been presented supporting these statements. Rather, the evidence merely indicates that petitioner was released on his own recognizance due to a lack of bed space, which has no impact the court's finding that petitioner's re-detention violates due process. *Minhas v. Bondi*, No. 26-cv-00492-JES-BLM, 2026 WL 280220, at *3 (S.D. Cal. Feb. 3, 2026) ("The documentation provided to the Court regarding Petitioner's release in March 2023 from custody only states that he was released based on 'lack of bed space.' While Respondents' own document fails to explicitly state what kind of parole this is, several courts have noted that release due to lack of bed space is generally considered release on recognizance, a form of conditional parole. Courts have released petitioners who were previously released on this form of parole where they were subsequently re-detained on due process grounds.") (internal citations omitted). Cases cited in the briefing schedule order did not involve post-removal proceedings and said nothing about the petitioners being previously ordered removed. *See e.g.*, *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025). Accordingly, it is unclear what respondent is referring to in stating this case is distinguishable because here petitioner "has not previously been ordered removed[.]" (Doc. No. 7 at 1.)

any authority in support of its position in this regard, the court is unpersuaded by the suggestion that any of these perceived differences compel a conclusion other than that which the court has reached under similar circumstances. That is, petitioner's re-detention without a pre-deprivation hearing violates due process because his prior release into the United States on his own recognizance conferred upon him a liberty interest in his freedom from detention. Accordingly, in light of the evidence that petitioner previously encountered immigration authorities and released into the United States, the court incorporates the reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *2–5 (E.D. Cal. Nov. 21, 2025), will grant his petition, and order petitioner's immediate release.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Jhonny Gonzales Paz, A-File No. 249-077-616, on the same conditions, if any, he was subject to prior to his re-detention on or about August 10, 2026;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondent will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;
2. Petitioner's motions for temporary restraining order (Doc. No. 2) and to appoint counsel (Doc. No. 3) are DENIED as having been rendered moot by this order granting him habeas relief;
3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

/////

/////

/////

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 14, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE